United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUI LIAN KE,

    Plaintiff,

v.

DARLENE SANDOVAL,

    Defendant.

Case No. 17-cv-04229-EMC

**ORDER OF DISMISSAL**

Docket No. 8

## I. INTRODUCTION

Plaintiff Hui Lian Ke, also known as Lily Ko, filed this *pro se* civil action. Her most recent pleading is now before the Court for review pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the action will be dismissed.

## II. BACKGROUND

At the time she filed this action, Plaintiff was housed at the Santa Clara County Jail as a pretrial detainee; later, she was moved to Napa State Hospital; later still, she was returned to the Santa Clara County Jail.

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff's initial pleading failed to state a claim upon which relief may be granted and permitted Plaintiff to file an amended complaint. Docket No. 6. The Court cautioned Plaintiff that failure to file an amended complaint by the deadline would result in the dismissal of this action. *Id.* at 8.

Although Plaintiff failed to file a document labeled as an amended complaint, she did file document entitled "writ of error to order [dated: August 15, 2017] from Edward M. Chen United States District Judge." Docket No. 8 (brackets in source). The Court construes that document to be an amended complaint. Much of the document does not make sense. The portion of the

1 document that the Court can understand concerns a case in which the Santa Clara County
2 Department of Family and Children Services (DFCS) has taken Plaintiff's two children, Frank
3 (now 16 years old) and Jaya (now 10 years old), into custody and placed them in foster homes.
4 *See* Docket No. 8 at 2-3. Defendant allegedly is the custodian of records for the DFCS. *See id.* at
5 2. Plaintiff alleges that she has submitted requests to the judge in the dependency case demanding
6 the return of her children and providing directions for their care, but her requests have been
7 ignored. *See id.* at 3. Plaintiff further alleges that she attempted to obtain the records regarding the
8 dependency case, and that Defendant responded that Plaintiff had to fill out a request form and
9 that the request would be evaluated by a panel to see if Plaintiff could see the records. *See id.*
10 Plaintiff does not allege whether she filled out the request form. Plaintiff alleges that she wants to
11 access the records because they might offer her a plan as to how to regain custody of her children
12 and to review the manner in which they are being treated in foster care. *See id.* at 6. Plaintiff
13 alleges that she is being represented by a guardian ad litem in the dependency proceedings. *See id.*
14 at 4. Plaintiff alleges claims for relief under the Contracts Clause, the First Amendment, the
15 Thirteenth Amendment, and California law. In her prayer for relief, Plaintiff requests that this
16 Court order Defendant to provide the file for the dependency cases concerning her son and
17 daughter, and that this Court order that Plaintiff's children be returned to her. *Id.* at 9.

## III. <u>DISCUSSION</u>

19       A federal court must engage in a preliminary screening of any case in which a prisoner
20 seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28
21 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any
22 claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
23 seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).
24 *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
25 696, 699 (9th Cir. 1990).
26       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
27 right secured by the Constitution or laws of the United States was violated and (2) that the
28 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

2

U.S. 42, 48 (1988).

A. <u>*Younger* Abstention Requires Dismissal Of Challenges To The Dependency Proceedings</u>

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention is allowed only in cases within "three exceptional categories." *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584, 592 (2013). Those categories are: (1) "parallel, pending state criminal proceeding[s]," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id*. at 588. Cases in the second category, i.e., those akin to criminal prosecutions," typically have a state actor as a party (often as the party initiating the action in state court) and commonly involve investigations ("often culminating in the filing of a formal complaint or charges"). *Id.* at 592. Child dependency cases, where the State has taken or is attempting to take custody of children, fit the description of that second category of cases that are akin to a criminal prosecution. In fact, *Sprint* cited *Moore v. Sims*, 442 U.S. 415 (1977), as an example of the type of case that is in the second category of cases in which *Younger* abstention may be applied. *See Sprint*, 134 S. Ct. at 592. In *Moore*, the federal plaintiffs were challenging the constitutionality of the Texas Family Code after Texas had initiated a state proceeding to gain custody of children allegedly abused by their parents (who were the federal plaintiffs). *See Moore*, 442 U.S. 415.

"In civil cases, therefore, *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint*, 134 S. Ct. at 593–94). "If these 'threshold elements' are met," the federal court then considers "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.*

3

Here, the criteria for *Younger* abstention are met under the *ReadyLink* test. First, the state child dependency proceedings are ongoing, according to Plaintiff. Second, there is a "quasi-criminal enforcement action," i.e., the government-initiated proceeding pending in which Santa Clara County DFCS has taken custody of Plaintiff's children and has placed them in foster care. This is similar to the state proceeding in *Moore*, and shows this case to be within in the second of the "three exceptional categories" of cases in which *Younger* abstention applies. *See Sprint*, 134 S. Ct. at 592 (citing *Moore,* 442 U.S. 415).[1] Third, the state proceedings implicate an important state interest, i.e., the interest in protecting children within California from allegedly neglectful or abusive parents. Fourth, Plaintiff has not identified any federal challenge that she cannot raise in state court. The state proceedings themselves are not alleged to limit the federal challenges that may be made by the parents of a child in a dependency case. The threshold elements are met for *Younger* abstention. *See ReadyLink*, 754 F.3d at 759. Much of Plaintiff's action here would have the practical effect of enjoining the state proceedings as Plaintiff wants this Court to direct the Santa Clara County Superior Court and DFCS to return her children to her and to provide care for her children in the manner she specifies.

A party may avoid application of the *Younger* abstention doctrine if "'the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply

---

[1] Not all cases in which family law proceedings are pending in state court fit in the second *Sprint* category. For example, in *Cook v. Harding*, 879 F.3d 1035 (9th Cir. 2018), the court held that *Younger* abstention did not apply to a § 1983 action brought by a gestational surrogate against state and county personnel as well as other party to her gestational surrogacy contract challenging the constitutionality of California Family Code section affording protection to surrogacy contracts. "[F]ederal courts cannot ignore *Sprint's* strict limitations on Younger abstention simply because states have an undeniable interest in family law." *Cook*, 879 F.3d at 1040. In *Cook*, the state court case was not a civil enforcement proceeding: the plaintiff had filed the state court action challenging the constitutionality of the statute, the state had not initiated the state court proceedings, and the state action was not akin to a criminal prosecution. *Id.* at 1040. Importantly, *Cook* distinguished its facts from those in *Moore*, where the federal plaintiffs were challenging the constitutionality of the Texas Family Code after the state had initiated child custody proceedings. *See Cook*, 879 F.3d at 1040. By distinguishing *Moore*, *Cook* supports the view that *Younger* abstention is appropriate when, as here, the federal plaintiff files an action that implicates an ongoing state court state-initiated child custody case in which the State has taken children from their parents.

4

it." *Gilbertson v. Albright*, 381 F.3d 965, 983 (9th Cir. 2004) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975)). Here, Plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, unconstitutional statute, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with the state child dependency proceedings. *Younger* abstention is warranted as to Plaintiff's claims that seek the return of her children and to direct the manner of their care while they are subject to dependency proceedings in California. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds Younger abstention appropriate, the court may not retain jurisdiction and should dismiss the action).

An overarching theme of the amended complaint is that the child dependency proceedings are wrong and must be stopped. The *Younger* abstention doctrine requires dismissal of the action to the extent it attacks the dependency proceedings, seeks return of Plaintiff's children, and seeks to direct the manner of their care while they are subject to dependency proceedings in California. But there also are individual claims that might not be subject to *Younger* abstention. The Court next considers those individual claims for relief against Defendant.

B. <u>The Individual Claims For Relief Must Be Dismissed</u>

Plaintiff claims that Defendant has violated the Contracts Clause of the U.S. Constitution. *See* U.S. Const, art. I, § 10 ("No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.") Plaintiff alleges that she sent a "notarized affidavit" to a state court judge "with her demand to return Frank and Jaya -- and with stipulations on how to care for them." Docket No. 8 at 3. Defendant has "impaired the obligation of contract by not adhering to the 'terms & conditions' stipulated in said Affidavit," which included a term that allowed Plaintiff to obtain their records. *Id.* at 4; *see also id.* at 6-7. But there is no allegation plausibly suggesting that the affidavit is a contract to which anyone other than Plaintiff agreed. This claim is dismissed because Plaintiff has not alleged any actual contract, let alone the enactment of any *law* that impaired a contract. *See Ross v. State of Oregon*, 227 U.S. 150, 162-63 (1913) (Contracts Clause applies to exercise of legislative authority).

5

Plaintiff next claims that Defendant violated Plaintiff's First Amendment religious freedom rights because the treatment and care of Plaintiff's children is being provided with disregard for Plaintiff's "beliefs, attitudes & practices." Docket No. 8 at 7; *see also id.* at 3. This claim pertains directly to the dependency proceedings and is covered by the *Younger* abstention ruling discussed above; the Court will not interfere with the state court's rulings regarding the placement and care of the children.

Plaintiff next claims that Defendant has enslaved Plaintiff's children in violation of the Thirteenth Amendment's prohibition of slavery and involuntary servitude. U.S. Const. amend. XIII. Plaintiff's theory is that DFCS's "business protocol is in the procurement of children and in parceling" them out to separate foster homes, which may be frightening for her children. Docket No. 8 at 7. She further alleges that the refusal to return her children to her amounts to "child trafficking and offering children into involuntary servitude, absent any evidence of abuse, against the children's free will and best interest." *Id.* at 8. Plaintiff's allegations fail to state a claim that is plausible on its face. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Moreover, this claim pertains directly to the dependency proceedings and is covered by the *Younger* abstention ruling discussed above; the Court will not interfere with the state court's rulings regarding the placement and care of the children.

Finally, Plaintiff asserts a claim under 42 U.S.C. § 1983 that Defendant has violated Plaintiff's rights under the California Constitution and the California Welfare & Institutions Code to access the records in the child dependency proceedings. Section 1983 does not provide a cause of action for a violation of state law, and instead only provides a cause of action for a violation of the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. at 48. Plaintiff has not identified any federal authority, nor has the Court found federal authority, conferring a federal

right to access state court and state agency records. The federal laws for requesting records -- i.e., the Freedom of Information Act (FOIA), 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, apply only to federal agencies, and not to "state agencies or bodies." *St. Michaels Convalescent Hosp. v. California,* 643 F.2d 1369, 1373 (9th Cir. 1981). Because there is no claim that gives this Court original jurisdiction and that is not being dismissed, Plaintiff must pursue any state law claims for production of records in state court, if at all.

C.  Requests For Copies

Plaintiff has filed a request under the Freedom of Information Act (FOIA) and the Privacy Act to obtain copies of the case file for this action as well as numerous other actions. Her requests are DENIED. *See* Docket Nos. 15-18. FOIA, 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, generally apply to agencies in the Executive Branch of the United States of America, but do not apply to the federal courts. *See Warth v. Department of Justice*, 595 F.2d 521, 522 (9th Cir. 1979) ("definition of the term 'agency' expressly exempts 'the courts of the United States' from the [FOIA's] operation. 5 U.S.C. § 551(1)(B). Thus, the provisions of the FOIA impose no obligation on the courts to produce any records in their possession.'") The Privacy Act uses the same definition of agency as FOIA. *See* 5 U.S.C. § 552a(a)(1); *see also id.* at §§ 551(1)(B), 552(f). A federal court therefore is not subject to the Privacy Act. *See Ramirez v. Department of Justice*, 594 F. Supp. 2d 58, 62 (D. D.C. 2009), *aff'd* 2010 WL 4340408 (D.C. Cir. 2010). Plaintiff is not entitled to any documents from the Court under either FOIA or the Privacy Act.

As a courtesy, the clerk will send her a copy of the docket sheet for this action, as well as the initial pleading, the document at Docket No. 8, and the Court's orders in this action. A courtesy copy of the entire file will not be provided because there are many pages in the case file, and most of those pages are low-value items like copies of envelopes and requests for photocopies from the plaintiff. Also, Plaintiff has requested documents from numerous other cases she has filed, increasing the burden of providing copies to her. If Plaintiff wants specific documents from the case file, she should use the Court's photocopy order form to order those documents. Plaintiff is cautioned that she must pay for copies of any documents she orders.

## IV. CONCLUSION

For the foregoing reasons, this action is DISMISSED because *Younger* abstention is required as to the claims pertaining to the state court child dependency proceedings and because the amended complaint does not state a claim upon which relief may be granted for any claim not covered by *Younger* abstention. Further leave to amend is not granted because it would be futile: the problems in the amended complaint could not be overcome by further amendment.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 12, 2018

_____
EDWARD M. CHEN
United States District Judge